JEW LEE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 78.

1. ALIENS ⬅═32(5)—CHINESE EXCLUSION—BURDEN OF PROOF.

A Chinese person, contesting deportation on the ground that he was born in the United States, has the burden of proof.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 84; Dec. Dig. ⬅═32(5).]

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ALIENS ☞32(12)—DEPORTATION—REVIEW—FINDINGS.

Determination of commissioner of question of fact as to birthplace of Chinese person, whose deportation was sought, having been approved by the District Court, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ☞32(12).]

Appeal from the District Court of the United States for the Western District of New York.

Proceeding by the United States against Jew Lee, alias Jew Guey. From an order of deportation, defendant appeals. Affirmed.

D. M. Silver, of Buffalo, N. Y., for appellant.

S. T. Lockwood, U. S. Atty., of Buffalo, N. Y., for appellee.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. This is an appeal from a decision of the United States District Court for the Western District of New York holding that the appellant is a Chinese laborer having entered the United States from Canada and being unlawfully within the United States. Upon these findings appellant was ordered deported to China.

The controversy here turns upon a question of fact. The appellant seeks to remain in this country upon the theory that he was born in San Francisco in 1876 and lived there until he was 9 years of age, when he went to China and lived there 20 years, returning to San Francisco about 9 years prior to his examination. His testimony is not at all persuasive.

[1] The burden was upon him to prove that he was born in the United States and he has failed to sustain it. The commissioner and the District Judge passed upon the questions here involved and agree as to the main proposition, viz. that the proof fails to sustain appellant's contention that he was born in the United States.

[2] The burden was upon him to prove this contention, and it would be contrary to the long-established rule in this court that, upon questions of fact as to the place of birth of Chinese persons, we will not substitute our opinion for that of the commissioner and Judge, especially when they have seen and heard the witnesses.

The judgment and order of deportation are affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes